

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WALTER DANIEL NELSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:19-CV-018-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Walter Daniel Nelson, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of that division, respondent. After having considered the pleadings and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. PROCEDURAL HISTORY

The pleadings and documentary evidence presented by the parties reflect that in 1994 petitioner was convicted on two counts of aggravated robbery with a deadly weapon in Tarrant County, Texas, Case Nos. 0515354A and 0515408A, and was sentenced to 25 years' confinement in each case. (01SHR 6, 21-2; 02SHR 6,

21-5.[1]) He was released on parole on December 4, 2014, and was arrested on various pre-revocation warrants and re-released in the intervening years, culminating in the revocation of his parole on August 21, 2017. (Resp't's Resp., Ex. A, 3-4, doc. 29.) He was returned to TDCJ custody on September 26, 2017. (Id. at 4.) The revocation resulted in the forfeiture of 2 years, 5 months, and 11 days of street time credit, which were "added back to the end of [petitioner's] sentence." (Id. at 4-5.) Petitioner sought administrative and state court remedies, to no avail. He filed this federal habeas petition on December 28, 2018, seeking credit for his street time and immediate release.[2] (Pet. 6-7, 10, doc. 1.) Respondent asserts that the petition is time-barred or, in the alternative, without merit. (Resp't's Answer 1.)

## II. STATUTE OF LIMITATIONS

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d). Specifically, the provision provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[1] "01SHR" and "02SHR" refer to the record of petitioner's state habeas-corpus proceedings in WR-88,969-01 & -02, respectively.

[2] A pro se prisoner's federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

>    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (D), applicable to this case, the limitations period begins on the date the petitioner could have discovered the factual predicate of his claim through the exercise of due diligence. Petitioner's parole was revoked on August 21, 2017, and he was returned to TDCJ custody on September 26, 2017. Consequently, at the latest, he discovered or could have discovered the factual predicate of his claim on September 26, 2017. *See Lanier v. Thaler*, No. 4:10-CV-045-A, 2010 WL

3

1558621, at *2 (N.D. Tex. Apr. 19, 2010). Thus, the federal limitations period began on that date and expired one year later on September 26, 2018, subject to any tolling.

Tolling of the limitations period may be appropriate under the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. Under the statutory tolling provision, petitioner's time credit dispute resolution proceeding, pending from October 23, 2017, through October 31, 2017, tolled limitations for nine days, making his federal petition due on or before October 5, 2018.[3] *See Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010). Petitioner's two state habeas applications, pending from August 20, 2018, through October 17, 2018, tolled limitations for 59 days, making his federal petition due on or before December 3, 2018. Thus, petitioner's petition filed on December 28, 2018, is untimely unless he is entitled to equitable tolling.

To justify equitable tolling in this context, a petitioner must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented him from filing a timely petition. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408

---

[3] A pro se prisoner's state habeas application is also deemed filed when placed in the prison mailing system. (Resp't's Answer, Ex. B, doc. 23.) *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).

4

(2005)). The applicant bears the burden to establish that equitable tolling is justified. *Holland,* 560 U.S. 649. Petitioner makes no such showing.

Petitioner asserts that, although he has shown "'due diligence' in his attempts to resolve the issues of his illegal confinement," the "Texas Time Credit Dispute Resolution" form "does not contain instruction, identification of Government Code in which it is under, nor WARNING that Petitioner is now under A.E.D.P.A. time restraint and tolling" and that the prison law library staff does not "instruct, nor have knowledge of A.E.D.P.A.'s attachment to instructing an Offender to 'fill out this form.'" (Pet'r's Reply 7, doc. 30.) Petitioner also asserts a delay in receiving notice of the time credit dispute resolution. (Id.) According to petitioner, "TDR's are returned to prisoners through 'truck mail,' a TDCJ 'mailbag' that is put on a a bus or transport that will eventually get to the unit where the 'truck mail' is to be dropped. It is then placed in 'regular' mail which is not recorded by the mailroom staff." (Id.) However, mere ignorance of the law and delays in receiving notice through the prison mail are common problems for inmates seeking federal habeas relief and do not justify equitable tolling. *See Felder v. Johnson,* 204 F.3d 168, 172 (5th Cir. 2000); *Sasser v. Thaler,* No. 4:12-CV-084-Y, 2012 WL 5990953, at *3 (N.D. Tex. June 14, 2012). Petitioner fails to allege or demonstrate rare and exceptional

5

circumstances that would justify equitable tolling.

Therefore, petitioner's federal petition was due on or before December 3, 2018. His petition filed on December 28, 2018, is therefore untimely.

For the reasons discussed,

It is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, DISMISSED as time-barred. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED December __19__, 2019.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE